UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:

John Marcellus Miller and Anna May Miller,            Case No. 07-48297
                                                                                Chapter 13
                           Debtors.                         Hon. Phillip J. Shefferly
_____/

## ORDER DENYING MOTION FOR RECONSIDERATION

On April 27, 2007, the Debtors filed a Chapter 7 petition. On July 13, 2007, the Court granted the Debtors' request to convert this case from Chapter 7 to Chapter 13. On December 8, 2007, the Court entered an order confirming the Debtors' Chapter 13 plan. Subsequently, the Debtors' counsel filed an application for compensation for services rendered from February 26, 2007 through December 18, 2007. The Chapter 13 Trustee filed objections. One of the Trustee's objections was that the Debtors' counsel was not entitled to an award of compensation under § 330(a)(1) of the Bankruptcy Code for the services rendered by it on behalf of the Debtors prior to the time that this case was converted to Chapter 13. Specifically, the Trustee asserted that the Debtors' counsel was not employed in the Chapter 7 case under § 327 of the Bankruptcy Code and therefore was not entitled to compensation under § 330(a)(1) of the Bankruptcy Code as that section has been interpreted by the U.S. Supreme Court in Lamie v. U.S. Trustee, 540 U.S. 526 (2004). On January 29, 2008, the Court held a hearing with respect to the application and the Trustee's objection. The Court sustained the Trustee's objection to the requested fees for the time that the Debtors' counsel represented the Debtors in the Chapter 7 case prior to the time that the case was converted to Chapter 13 based upon the authority of Lamie v. U.S. Trustee.

On February 21, 2008, the Debtors' counsel filed a motion for reconsideration. The motion

for reconsideration states that there was a palpable defect in the Court's ruling, that Lamie is inapplicable, and that the Debtors' counsel is entitled to compensation for the services that it rendered on behalf of the Debtors in the Chapter 7 case as an administrative expense in this Chapter 13 case under § 330(a)(4)(B) of the Bankruptcy Code.

In support of its motion, the Debtors' counsel cites two cases, In re Pisczek, 269 B.R. 641 (Bankr. E.D. Mich. 2001) and In re Bottone, 226 B.R. 290 (Bankr. D. Mass. 1998). In re Pisczek does not involve an application for compensation by a professional person and therefore does not support Debtors' counsel's motion for reconsideration. In re Bottone is factually analogous to this case. In In re Bottone, the court concluded that the fees incurred in that case by the debtor's counsel on behalf of the debtor in a Chapter 7 case should be allowed as an administrative expense claim after the case was converted to Chapter 13. The court based its ruling upon its reading of § 330(a)(4)(B). In reaching its decision, the court noted that at the time of that case that there was a split of authority as to whether fees incurred by a debtor's attorney in a Chapter 7 case may be allowed as an administrative expense. The Bottone case followed that line of cases which held that a Chapter 7 debtor's attorney is entitled to an allowed administrative expense claim under § 330(a)(1) of the Bankruptcy Code for services rendered on behalf of a Chapter 7 debtor. However, In re Lamie subsequently resolved the split of authority noted by the Bottone court. In Lamie, the Supreme Court rejected the line of cases followed by In re Bottone and held that § 330(a)(1) does not authorize an administrative expense claim for a debtor's attorney for services rendered by such attorney in the Chapter 7 case where the attorney has not been appointed to represent the trustee under § 327 of the Bankruptcy Code.

In this case, the Debtors' counsel performed services on behalf of the Debtors in a Chapter

7 case. The Debtors' counsel was not appointed under § 327 and therefore the services rendered by it during the Chapter 7 case are not allowable as an administrative expense claim under § 330(a)(1) of the Bankruptcy Code under the authority of <u>Lamie</u>. The fact that this case was subsequently converted to Chapter 13 does not somehow elevate the fees incurred by the Debtors' counsel representing the Debtors in the Chapter 7 case, which <u>Lamie</u> clearly states are not to be allowed as an administrative expense claim in such case, into an allowed administrative expense claim in the Chapter 13 case. Section 330(a)(4)(B) does not compel a different result. It permits the Court to consider the benefit and necessity of legal services to a debtor in a Chapter 13 case when making an award of compensation under § 330(a)(1), but it does not permit the Court to consider the benefit and necessity of any legal services to a debtor in a Chapter 7 case after such case is converted to Chapter 13. This subsection does not change the application of <u>Lamie</u> to this case. Debtors' counsel has not presented any authority to the Court that supports the motion for reconsideration. Under <u>Lamie</u>, the fees incurred by the Debtors' counsel during the Chapter 7 case do not constitute an allowable administrative expense claim in this Chapter 13 case. The Court is not persuaded that there was a palpable defect in the Court's ruling by which the Court and the parties have somehow been mislead and that which now requires a different disposition of the case. Accordingly,

IT IS HEREBY ORDERED that the motion for reconsideration (docket entry #73) is denied.

**Signed on March 19, 2008**

                                                 **/s/ Phillip J. Shefferly**
                                                 **Phillip J. Shefferly**
                                                 **United States Bankruptcy Judge**